IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BAGBY ELEVATOR CO., INC.,

  Plaintiff,

v.               CV 07-J-1683-S

DERALD ARMSTRONG and
SCHINDLER ELEVATOR
CORPORATION,

  Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court is the Plaintiff's Motion to Remand (doc. 10). Both defendants filed separate responses in opposition to the Plaintiff's motion (docs. 12 & 13) and a hearing on the matter was scheduled for October 3, 2007, in Birmingham, Alabama at 9:00 A.M. Upon consideration of the parties' arguments and the evidence submitted, the court finds that the hearing scheduled for October 3, 2007, is no longer necessary and the Plaintiff's Motion to Remand is due to be DENIED.

## DISCUSSION

Bagby Elevator Company, Inc. ("Bagby Elevator"), originally brought this lawsuit in Jefferson County Circuit Court seeking injunctive relief and damages

1

based upon Derald Armstrong's breach of his non-competition agreement with Bagby Elevator. Bagby Elevator alleges that it has suffered damages because of Armstrong's employment with Schindler Elevator Corporation ("Schindler Elevator"), a direct competitor of Bagby Elevator. Pursuant to 28 U.S.C. § 1332, the defendants removed the case to the Southern Division of the Northern District of Alabama. Bagby Elevator argues that this case should be remanded to Jefferson County Circuit Court for two reasons: 1) Armstrong waived his removal rights by agreeing to venue in Jefferson County, Alabama, through a valid forum selection clause with Bagby Elevator and 2) the defendants have not met their burden of proving that the amount in controversy is in excess of $75,000.

*I. The Forum Selection Clause*

Bagby Elevator and Armstrong entered into a non-compete agreement which contained the following forum selection clause:

> This agreement is made and shall be construed under and in accordance with the laws of the State of Alabama. Both parties consent to the venue of Jefferson County, Alabama for any dispute arising under this agreement. Both parties waive any exemptions whether statutory, common law or otherwise that they might assert against the enforcement of this agreement or any judgment arising from this agreement.

The employment agreement between Armstrong and Bagby Elevator also contains

a forum selection clause which reads "The Company and Employee agree to venue of any dispute arising hereunder to be in Jefferson County, Alabama." Based on these two provisions, Bagby Elevator argues that the only court in which venue is proper is Jefferson County Circuit Court.

In *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir. 2004), the Eleventh Circuit was confronted with a forum selection clause similar to the one at issue in this case. The provision read "Venue shall be in Broward County." *Id*. at 1278. The court held that the clause mandated venue in Broward County but, because it did not specify a forum, the clause permitted venue in either the Seventeenth Judicial Circuit of Florida or the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County. *Id*.

The Eleventh Circuit reaffirmed its holding in *Global Satellite* in *City of West Palm Beach v. Visionair, Inc.*, 199 Fed. Appx., 768 (11th Cir. 2006). In *Visionair*, the contract at issue provided that "all claims . . . shall be instituted and prosecuted in Palm Beach County, Florida." *Id*. at 769-70. The court held that the case could "be instituted and prosecuted" in either a state or federal forum, so long as that forum is in Palm Beach Florida. *Id*. at 770.

In support of their motion to remand, Bagby Elevator cites *Travelers Prop.*

*Cas. Comp. of Am. v. Onesource Facility Servs., Inc.*, 2006 WL 752925 (M.D. Ala.).  The forum selection clause in that case contained the following language: "The contract shall be governed by the laws of the State of Alabama and that venue in any legal proceedings arising out of the contract or performance there under shall be brought and maintained in the City of Tuskegee, Macon County, Alabama." *Id*. at * 1.  The court held that venue was proper only in state court because

> Tuskegee, Macon County, Alabama is not 'host to several forums.'  The district courts of the Middle District of Alabama sit by statutory designation in Montgomery, Dothan, and Opelika, not in Tuskegee.  28 U.S.C. § 81(b)(3).  The only forum for a civil action of this magnitude in Tuskegee is the Circuit Court of Macon County, Alabama - a state court.

*Id*. at *3.

As the defendants argue in their brief, the *Traveler*'s case is readily distinguishable from the present case.  In the present case, there are two forums located in Jefferson County - Jefferson County Circuit Court and the Southern Division of the Northern District of Alabama.  If Bagby Elevator intended to permit suit only in the Jefferson County Circuit Court, it could have easily stated that intention precisely.  Under clear Eleventh Circuit precedent, Bagby Elevator's

failure to do so means that venue is proper in either Jefferson County Circuit Court or in the Southern Division of the Northern District of Alabama.

*II. The Amount in Controversy*

Bagby Elevator's second argument is that the defendants have failed to prove that the amount in controversy exceeds $75,000. In its Complaint, Bagby Elevator does not make a specific monetary demand. "Where the plaintiffs' claim for damages is unspecified, 'a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement.'" *Campbell v. General Motors Corp.*, 19 F.Supp. 2d 1260, 1264 (N.D. Ala. 1998) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 19 F.3d 1353, 1357 (11th Cir. 1996)).

The court finds, based on the following evidence submitted by the defendants, that the defendants have satisfied their burden of proving that the amount in controversy exceeds $75,000. According to Armstrong, the only client that Bagby Elevator has lost to Schindler Elevator is Younan Properties. Affidavit of Derald Armstrong at Document 12-2. In 2006, Younan executed five Protective Maintenance Contracts with Bagby Elevator. *Id*. Each contract had a term of five years. *Id*. Under the contract, Younan was to pay Bagby Elevator $25,000.00 per month. *Id*. In 2007, Younan canceled the contracts with Bagby

5

Elevator and retained Schindler Elevator. *Id*. Bagby Elevator filed suit against Younan claiming damages of $1,124,967.20. Complaint at Document 12-3. The court finds, based on the amount of money that Bagby Elevator lost when Younan canceled its contract and retained Schindler Elevator, that the amount in controversy exceeds $75,000.

It is therefore **ORDERED** that the hearing set for October 3, 2007, in Birmingham, Alabama at 9:00 AM is **CANCELED** and the Plaintiff's Motion to Remand is **DENIED**.

**DONE** and **ORDERED** on the 2nd day of October 2007.

*[signature]*

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE